UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAMAR WILLIAMS,

                Petitioner

                                                    10 CR 0657 (SJ)
                                                   16 CV 3467 (SJ)
- against -                                    ORDER

UNITED STATES OF AMERICA

                Respondent.
-----------------------------------------------------------------X

JOHNSON, Senior District Judge:

      Jamar Williams ("Petitioner"), a federal prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2255 challenging the federal sentence entered under Case Number 1:10-cr-00657-SJ-7. Petitioner was convicted of racketeering (count one) and unlawful use of a firearm during a drug trafficking crime (count four). See 18 U.S.C. §§ 924(c)(1)(A)(iii), 1962(c). Petitioner now argues that his conviction for count four was unconstitutional because racketeering is not a crime of violence after Johnson v. United States, 135 S.Ct. 2551 (2015). But this Court need not decide whether racketeering is a crime of violence because a crime of violence is not an essential element of a Section 924(c) offense. See 18 U.S.C. §942(c)(1)(A).

      Section 924(c)(1)(A) proscribes the unlawful use of a firearm "during or in relation to any crime of violence or drug trafficking crime." Id. (emphasis added). This means the Government needed to establish one or the other, not both. Petitioner

conceded the occurrence of a drug trafficking crime and his possession of a firearm in furtherance of that crime during his plea colloquy when he said "[s]ometime between 1998 and 2010 in Brooklyn, I carried the firearm in relation to <u>a drug trafficking crime.</u>" (Docket Number ("Dkt. No.") 360, at 40 (emphasis added)). Indeed, count four only charged Petitioner with the unlawful use of a firearm during the commission of a drug trafficking crime, not a crime of violence. (<u>See</u> Dkt. No. 343, at 11) ("[Petitioner] did knowingly and intentionally use and carry one or more firearms during and in relation to a drug trafficking crime").

Therefore, Petitioner's lone claim is without merit and shall not detain this Court any longer. Section 924(c) does not require a crime of violence where a drug trafficking crime is established. The petition is DENIED.

SO ORDERED.

Dated: August 28, 2017　　　　　　　　　s/Sterling Johnson, Jr.
　　　　Brooklyn, NY　　　　　　　　　　Sterling Johnson, Jr., U.S.D.J.