FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 03 2020 ★
BROOKLYN OFFICE

United States District Court
For the Eastern District of New York

| | |
|---|---|
| Jamar Levance Williams,<br>  Defendant,<br>v.<br>United States of America,<br>  Respondent. | Case No.: 10-CR-657<br>CC: JLW |

Defendant Emergency Motion for Compassionate release in light of the COVID-19 pandemic and for extraordinary and compelling reasons under the 1st step Act and CARES Act, pursuant to 18 U.S.C. 3582 (c)(1)(A)(i).

Come Now, Defendant Jamar Levance Williams, a citizen of New York, proceeding pro se, before this Honorable said court in "Good Faith", requesting this court to grant Defendant's above-style Motion. Based on the following reasons:

1.) On August 25, 2020, defendant sent an electronic request for compassionate release in light of COVID-19 pandemic and to reduce his sentence to time served, for extraordinary reasons, to Warden David Ortiz, head of FCI FortDix. The Warden have failed to respond to his request, although the Warden Mr. Ortiz, is aware of the seriousness of COVID-19, a very contagious virus that's adversily affecting the B.O.P., the United States and the world. Defendant request for Compassionate release sent to the Warden, was an Emergency request according to the Exhaustion rule under 18 U.S.C. 3582 (c)(1)(A). see Attached E1. For this same reason, he humblely and respectfully appeal to this Honorable court.

2.) Defendant is currently being held at F.C.I. Fort Dix, a facility that had over 60 inmates infected with COVID-19, from June, 2020 - July, 2020, while on National lockdown. They was infected by a staff member, who made it through the COVID-19 screening process, that was design to detect COVID-19, however, the FCI Fort Dix's staff members

1

was not able to protect the health and safety of inmates from COVID-19, and neither can they protect Defendant from catching COVID-19. He work in Food Service on the westside of the compound, where kitchen staff members tested positive for COVID-19, exposing at 16 inmates to COVID-19, who live in unit 5811, the same unit defendant live in. The 16 inmates was brought to health service and informed that they was working around staff members in Food Service 10, who tested positive for COVID-19, Health Service sent the same 16 inmate back to there unit 5811, "without ever being tested for COVID-19," and as of this date, his unit consisting of almost 300 inmates or more, have never been tested for COVID-19, which continued to endanger defendant and the rest of the inmate population there.

Social Distance cannot be practice at FCI-Fort Dix, with each unit consisting of 300 inmates, who use the same showers, bathroom, toilet, sink, and a close confined hallway and stairway, as required by CDC guideline. On April 11, 2020, Warden Mr. Ortiz, said in his Memo's to the inmate population that's "it's not possible to practice social distance." It will be inhumane and unsanitary to try an enforced social distance in a close confined unit with 300 inmates in it, where there's not enough bathrooms, toilet, urinal, Showers, TV rooms, computer rooms, phone rooms, space or stairway to practice social distancing. This facility doesn't have air conditioners or medical ventilator system in the units to enforced inmates with respiratory and breathing condition to wear mask all day. The mask doesn't protect defendant eyes from getting COVID-19, so how defendant who have "Asthma, diebetes and obesity" as his medical chronic condition protect himself from COVID-19 at FCI Fort Dix? see <u>United States v. Esparza</u>, No. 1:07-cr-00294-BLW, 2020 U.S. Dist. LEXIS 65271 at *6 n.5 (describing conditions in prisons that render them incubators for disease including COVID-19).

The federal Bureau of Prisons has utterly failed to contain the spread of the virus, leading to outbreaks in its facilities across the country, over 100 reported deaths, and thousands sick. B. Saloner, Ph.D., et al., COVID-19 Cases and Deaths in Federal & State Prisons, J. AM. MED. ASS'N (July 8, 2020) (https://bit.ly/3jD9PBZ) (finding that the COVID-19 infection "rate for prisoners was 5.5 times higher than the U.S. population," and the death rate "in the prison population was 3.0 times higher....."); Timothy Williams, et al., 'Jails are Petri Dishes': Inmates freed as the Virus Spreads behind Bars, N.Y. Times (May 20, 2020), available at https://nyti.ms/2yIBiQg).

3.) Defendant is a chronic patient at FCI-Fort Dix, who suffered from "obesity, asthma and diabetes", and take medication that contains immune suppressor, which are all on the CDC list of risk of death or severe illness and can be verified by Health Service. He have served over 75% of his sentence and been incarcerated since 2010, like his co-defendant James Dawtin, who motion for compassionate release in light of COVID-19 was granted by this court recently due to the high risk of catching COVID-19 in the B.O.P.. Defendant ask this court for mercy, help and equal treatment his co-defendant received, by reducing his sentence to time served. See Attached E.1.

He understand his past crimes are serious offenses and is very remorseful of his past conducts, however, his offenses are not worthy of death, that what his sentence will become if he catch COVID-19, according to his combined medical conditions. He's been incident report free for a year and continued to show good work performance, and have a re-entry plan once release. His son and family haven't seen him in years and in need of his presence, love and support, he have a place to stay with his family until he's financial stable to buy a home of his own, the house is free of COVID-19.

A court may consider a vast array of factors in determining whether a defendant is eligible for compassionate release, including vulnerability to COVID-19 complications and other reasons. In response to the COVID-19 pandemic and it's effects in prisons, several Federal court judges have found extraordinary and compelling circumstances due to obesity, asthma, diabetes and history of substance abuse, among other health risk factors. see United States v. Brown, No. 4:05-CR-00227-1, 2020 WL 2091802, at 9 (S.D. Iowa Apr. 29, 2020)(granting compassionate release to 42-year-old with hypertension)("The number of courts that have granted compassionate release because of COVID-19 grows by the day".); United States v. Jones, No. 13-cr-577-2, 2020 U.S. Dist. LEXIS 121717, at *8 (E.D. Pa. July 9, 2020)(granting release and citing evidence that hyperlipidemia and obesity was third leading comorbidity of COVID-19 in New York); U.S. v. Readus, No. 16-20827, 2020 WL 2572280, at *3 (E.D. Mich. May 21, 2020)(ordering compassionate release of a 33-year old inmate with severe obesity, severe obstructive sleep apnea, hypertension, and pre-diabetes); see also United States v. Sawicz, No. 08-287, - F. Supp. 3d -, 2020 WL 1815851 (E.D.N.Y. Apr. 10, 2020).

Courts are granting motion for compassionate release to defendant with multiple firearms convictions whose sentence would be lower today, like defendant's case. United States v. Marks, No. 03-CR-6033L at *12 (W.D.N.Y. April 20, 2020). For all the above mention reasons, he ask this court to

3

follow the lead of all the federal courts that take COVID-19 pandemic serious, by granting defendant motion for compassionate release to a reduce sentence of time served or any other alternative that this honorable court believe to be reasonable in accordance with the 5th & 14th Amendment.

Defendant request for a court appointment of counsel under the criminal Justice Act to help him with this motion and obtained his medical records to support his motion for compassionate release, it's very difficult to function in this facility due to B.O.P. National lockdown in light of COVID-19. He wrote this motion to the best of his knowledge and ability, without the aide of Counsel, and not on the level of a professional lawyer. This court have the right to liberally construe in defendant's favor. see Haines v. Kerner, 404 U.S. 519 (1972).

## Conclusion

Defendant Jamar Levance Williams, pray that this honorable said court in "Good faith" grant defendant's above-style titled Motion for Compassionate release in light of COVID-19 pandemic under 18 U.S.C. 3582 (c)(1)(A)(i).

Respectfully Submitted,
/s/ *Jamar Williams*
Jamar Levance Williams

I declare under the penalty of perjury that the above mention facts are true and correct to the best of his knowledge and ability.

Executed on this 31 day of August, 2020. Signature: *Jamar Williams*

From: Jamar Williams
Reg No: 78438-053
Federal Correctional Institution
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ, 08640

4.

TRULINCS 78438053 - WILLIAMS, JAMAR - Unit: FTD-P-C

---

FROM: 78438053 WILLIAMS, JAMAR
TO: AW Administrations
SUBJECT: ***Request to Staff*** WILLIAMS, JAMAR, Reg# 78438053, FTD-P-C
DATE: 08/25/2020 02:48 PM

To: Warden David Ortiz . head of fci fort dix
Inmate Work Assignment: f/s 10

I am requesting for a compassionate release in light of COVID-19 pandemic and reduce my sentence to time served , for extraordinary and compelling reasons . stating the following : 1) I meet all the qualification for a compassionate release under the 18 u.s.c. 3582(c)(1)(A) , such as : I served over 75% of my sentence and have severe medical condition that put me at high risk of death or severe illness if i catch COVID-19 , "asthma , obesity , and diebetes" , which are all on the cdc list of risk of death and can be verified by health service . 2) My crime is serious and im very remorseful of my past acts but its not worthy of death , that what ,y senence will become if i catch COVID-19. 3) I been incident report free for a year and continued to show good work performance . 4) FCI dort dix , is over crowded with 300 inmates in each unit ,where social distance is impossible to practice here as required by the cdc guidelines and the Warden also made this point in his april 11,2020 , memo the population and the mask is difficult to breath through around asbestos , black mold , lead and fungus that all weaken my immune system. And medication have immune suppression affect on my health and make it difficult for my body to fight off corona virus. The mask doesnt protect my eyes from COVID-19 , for all the above reasons o requestingfor release.

**FEDERAL CORRECTIONAL INSTITUTION**
**P. O. BOX 2000**
**FORT DIX, NJ 08640**

The enclosed letter was processed through special mail procedures. This letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material. If the writer encloses correspondence for forwarding to another address or includes unauthorized items, please return to the above address.

Jamar Williams
78438-053
Federal Correctional Institution
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ, 08640

TRENTON, NJ 085
01 SEP 2020 PM 4 L

Clerk of Courts

To: U.S. District Court for the Eastern District
of New York
United States Courthouse
225 Cadman Plaza East, Room 118 S
Brooklyn, N.Y. 11201-1818

11201-181809

Legal Mail.